IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

RODNEY MCBRIDE, #R7078                                                          PETITIONER

V.                                                                  NO. 1:05CV315-MPM-JAD

LAWRENCE KELLY, ET AL.                                                        RESPONDENTS

**REPORT AND RECOMMENDATION**

The respondents have moved to dismiss (Doc. 19) this petition for habeas corpus pursuant to 28 U.S.C. §2254, on the ground that the petition is barred by the statute of limitations. The petitioner was granted an extension of time in which to file his response, but failed to do so.

McBride pled guilty to a charge of possession of cocaine with intent to deliver in the Circuit Court of Lee County on November 4, 1998. He was sentenced to a term of twenty years with the Mississippi Department of Corrections. The sentence provided that he was to serve one year in the Intensive Supervised Probation/House Arrest Program(ISP). If he successfully completed the year of service with ISP, the balance of his sentence was to be suspended. A failure was to result in his serving the balance of the sentence in a facility designated by the department of corrections. McBride was found guilty of violating the requirements of ISP on July 27, 1999, when he tested positive for cocaine. The result was his removal from ISP. He is now serving the balance of the twenty year term.

McBride contends in his petition his sentence is illegal and he was deprived of effective assistance of counsel. He also alleges he is continuing to serve an expired sentence. In order to determine if his petition is timely, two different time calculations must be made. The Anti-Terrorism

and Effective Death Penalty Act establishes the procedure for federal habeas petitions. 28 U.S.C. §2244(d) provides, in pertinent part:

> (D)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> ****,[1] or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

McBride's claim that his initial sentence was illegal and that he was deprived of the effective assistance of counsel is controlled by 28 U.S.C. §2244(D)(1)(A). He pled guilty on November 4, 1998. Since Mississippi case law allows for the direct appeal of an illegal sentence, after a guilty plea, *Burns v. State*, 344 So.2d 1189 (Miss. 1977), his conviction became final on December 4, 1998. In the absence of the statute being tolled by a properly filed state petition for habeas corpus, McBride had to file his federal petition on or before December 6, 1999, the first business day after December 4, 1999. McBride filed neither a state nor federal petition within the one year statute. This portion of McBride's petition is time barred.

---

[1] The other dates that may trigger a later running of the statute are: "(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. These alternates do not apply to this case.

McBride contends that the circuit court lacked authority to sentence him to serve the balance of the twenty year sentence after he was found guilty of violating the ISP rules and that therefore he is serving an expired sentence. This claim is at least arguable covered by 28 U.S.C. §2244(D)(1)(D), the "factual predicate" date for triggering a new date for commencement of the running of the statute of limitations. The respondents correctly note that McBride was aware at the time he was sentenced that a rules violation in ISP would result in his serving the entire twenty year sentence. McBride in July 27, 1999, when adjudicated, knew that he was not going to be released within one year. The respondents urge and the undersigned agrees that the factual predicate for relief was established at that time. However, even giving him every conceivable benefit of doubt and assuming that McBride believes his claim that his sentence was only for one year, he surely had to have noticed something was amiss when he was not released on December 4, 1999. He nevertheless filed nothing in state court or federal court within one year of that date. This portion of his petition is likewise not timely filed.

In one of his briefs McBride makes a self serving statement that Itawamba County Correctional Facility did not have an adequate legal assistance program or law library. The respondents have shown by affidavit what assistance, forms and statutes are routinely provided to inmates. McBride has failed to make a showing of the type of extraordinary circumstances that would justify equitable tolling of the statute of limitations. *Coleman v. Johnson*, 184 F.3d 398(5th Cir. 1999).

The undersigned recommends that the petition be dismissed with prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations.

3

Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 25th day of July, 2006.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE