IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

RODNEY MCBRIDE, #R7078                                                                PETITIONER

V.                                                                     NO. 1:05CV0315-MPM-JAD

LAWRENCE KELLY, ET AL.                                                               RESPONDENTS

SUPPLEMENTAL REPORT AND RECOMMENDATION

The petitioner's response was inadvertently not filed on the court's electronic filing system. This error has now been corrected. The undersigned has reviewed and considered the petitioner's response to the motion to dismiss.

Rodney McBride was sentenced on November 4, 1998, in the Circuit Court of Lee County. The sentencing order provided, "IT IS, THEREFORE ORDERED AND ADJUDGED that the defendant be sentenced to a term of twenty (20) years in the Mississippi Department of Corrections. The defendant is to be placed in the Intensive Supervision Program/House Arrest Program, per Section 47-5-1001 through 47-5-1015 of the Mississippi Code and the Court retains jurisdiction for a period of one (1) year per Mississippi Code Section 47-7-47, 1972 Annotated." The court's sentencing order further provides that if the plaintiff successfully completes the program, MDOC is to notify the court, and "the Court shall have the option of ordering the defendant to be placed on supervised probation for the remainder of his sentence...." The order also provided that if McBride failed to successfully complete the program MDOC could, without further order, place him in any facility to serve the balance of his term. McBride did not successfully complete the program, having tested positive for the use of cocaine. He was arrested for the violation and a disciplinary hearing

held. He was found guilty and sent to Issaquena County Correctional Facility. He contends that the sentence is illegal and that even after his violation he should only have served one year.

McBride claims that he was classified by MDOC as if he had a one year sentence until March of 2002. Based upon their mis-classification, McBride claims he did not understand that he was under a twenty year sentence until the re-classification in March 2002. McBride does not challenge that he understood that he had been removed from the ISP program in mid-1999. The transcript of the sentencing hearing he submitted shows he understood failure to complete the ISP program would result in his serving the twenty year sentence. Regardless of any classification error made by MDOC, any inmate who thinks they are only supposed to serve a one year sentence, which in McBride's case would have been 8 months of house arrest before the violation and 4 months in custody after the violation, is not going to have any trouble figuring out that he has a basis for a claim, when the one year time expires. Nothing in McBride's response changes the fact he waited too long to file for habeas relief.

The undersigned recommends the petition be dismissed with prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 28th day of July, 2006.

/s/ JERRY A. DAVIS  
UNITED STATES MAGISTRATE JUDGE